UNITED STATES DISCOVER COURT
FOR THE NORTHERN DISCOVER OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **MARTHA Y. REYES**, | ) | |
| | ) | |
| **Plaintiff,** | ) | **No: 19 CV 1917** |
| | ) | |
| vs. | ) | |
| | ) | |
| **DISCOVER FINANCIAL/SERVICES, INC.,** | ) | |
| | ) **JURY DEMAND** | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT
AS AND FOR A FIRST COUNT OF ACTION
(Title VII-RACE/NATIONAL ORIGIN DISCRIMINATION)**

**Nature of the Action**

1.   This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1990 ("ACT"), for the Defendant, **DISCOVER FINANCIAL/SERVICES, INC.** ("DISCOVER" or Defendant) having subjected Plaintiff, **MARTHA Y. REYES** hereinafter ("REYES" or "Plaintiff") to race and national origindiscrimination (disparate treatment), despite REYES'S complaints about same.

**JURISDICTION AND VENUE**

2.  Jurisdiction of this Court is invoked 28 U.S.C. Section 1331, 1337, 1343 and 1345, 1391 (e). This action is authorized and instituted pursuant to Title VII of the Civil Rights 1964 ("ACT"), 42 U.S.C.A. §§ 2000 (e) et seq.

3.  The employment practice hereinafter alleged to be unlawful where and is now being committed in the Northern DISCOVER of Illinois Eastern Division.

**PARTIES**

4. REYES is a Mexivan/Hispanic female who is a resident of Skokie, Cook County, Illinois.

5. REYES was an employee of DISCOVER from June 7, 1999 until her wrongful termination on May 1, 2018.

6.  At all times relevant, DISCOVER, has been and is now a corporation organized under the laws of Delaware and doing business in the State of Illinois and other surrounding States, and has continuously had and now have more than five hundred (500) employees.

7.  At all times material herein and hereinafter mentioned DISCOVER Corporation has engaged in and employed its employees in commerce and in the production of goods and services for commerce between points in many states. DISCOVER was, and is, and has been, at all times material herein, engaged in commerce within the meaning of the ADEA.

7. DISCOVER is an employer within the meaning of the ACT and has been at all times material to the allegations herein.

**STATEMENT OF CLAIMS**

8**.** This action brought against the Defendant, DISCOVER having subjected Plaintiff, REYES to race discrimination by failure to treat her the same as non-Mexian/Hispanic employees and allowing her to be subjected to harassment and heavier discipline. Also required to perform at a higher level than other non-Mexican/Hispanic employees.

9. Defendant by its action or actions of its agents, prior to REYESs termination, caused and unreasonably interfered with the terms and conditions of Plaintiff's employment and performance in her job and discipline, as compared to non-Mexica/Hispanic employees,

2

all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et

seq; as amended by inter alia the Civil Rights Act of 1990.

10. By reason of the race and disparate treatment by Defendant, Plaintiff has suffered a

loss of earnings and benefits, in addition to suffering great pain, humiliation and mental

anguish, all to her damage.

11. Further, said action on the part of the Defendant was done with malice and

reckless disregard for Plaintiffs' protected rights.

12. REYES filed a discrimination charge against Defendant with the Equal Employment

Opportunity Commission (EEOC) on May 9, 2018. Those charges were timely filed,

under the ACT. (See Exhibit "A")

13. On December 19, 2018, REYES was sent a notices from the EEOC and the

Department of Justice of her right to bring this action (See Exhibit "B"), and REYES

timely filed this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT)

### NATURE OF ACTION

14.   This is an action under Title I of the Americans with Disabilities Act of 1990 and

Title I of the Civil Rights Act of 1990 to correct unlawful employment practices on the

basis of disability (handicap) by DISCOVER taken against REYES a qualified individual

with a disability, to make her whole for said unlawful practices.

### JURISDICTION AND VENUE

15.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. & & 451, 1331, 1337,

1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12111, which

incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § § 2000e-5 (f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1990, 42 U.S.C.A. § 1981(A) . The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern DISCOVER of Illinois, Eastern Division.

16. REYES repeats and realleges each and every allegation set forth above with the same force and effect as more fully

17. DISCOVER is an employer within the meaning of the ADA and has been at all times material to the allegations herein.

18. DISCOVER is an employer as that term is defined under the American Disability Act at all times material to the allegations herein and REYES has severe depression and anxiety that substantially limits one or more of her major life activities, but said disability is not related to her ability to perform the essential functions of her assigned duties with DISCOVER.

<h3 style="text-align:center">STATEMENT OF CLAIMS</h3>

19. Despite DISCOVER listing itself as an equal employment company and having a company policy against Discrimination to the disabled, DISCOVER intentionally discriminated against REYES because of REYES's disability.

20. REYES is a "qualified individual with a disability" within the meaning of the ADA because she can perform the essential functions of the job that he holds in the employ of the DISCOVER.

21. REYES due to her disability was treated differently than other employees without disabilities and subject to increased scrutiny.

4

22. The discriminatory action of DISCOVER as set forth above has caused REYES to suffer emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.

**AS AND FOR THE THIRD CAUSE OF ACTION**
**AGE DISCRIMINATION IN VIOLATION TO THE ADEA**

23. REYES repeats and realleges each and every allegation set forth above with the same force and effect as more fully set forth herein.

**JURISDICTION AND VENUE**

24. REYES brings this action for benefits under the Age Discrimination in Employment Act of 1967 (hereinafter sometimes referred to as the ADEA), 29 U.S.C. § 621-634, under the specific provisions of the Age Discrimination in Employment Act, viz. 29 U.S.C. § 626(c).

25. Jurisdiction of this action is conferred upon the Court by Section 7(b) of the Age Discrimination in Employment Act, 29 U.S.C. § 626 (b) and Venue 28 U.S.C. § 1331.

**FACTUAL BASIS**

26. Continuously DISCOVER discriminated against REYES because of her age and treated her differently than younger non-protected employees of DISCOVER #129 because of her age (DOB 1968).

27. DISCOVER treated REYES differently than other younger employees whom received better terms and conditions of employment and were not held to the same performance level as REYES.

28. REYES protested her unlawful termination and filed charges of the discrimination herein alleged with the Equal Employment Opportunity Commission as set forth above.

29. DISCOVER violations of the Age Discrimination Act of 1967 and has proximately

caused REYES to suffer emotional pain.

30. DISCOVER'S violation of REYES rights were willful and reckless.

## PRAYER FOR RELIEF

WHEREFORE, REYES prays for judgment as follows:

1. Declare the conduct engaged in by DISCOVER to be in violation of REYESS rights;

2. For injunctive relief, including but not limited to, and relief required reinstatement to make REYES whole for any losses caused by the violations of DISCOVER #129 and protect her from further mental and physical harm;

3. For compensatory damages in an amount according to proof;

4. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

5. For such other and further relief as the court deems proper.

MARTHA Y. REYES

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith
10 N. Martingale Road
Suite 400
Schaumburg, Illinois 60173
(847) 466-1099